UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICKY DON HASHBARGER,<br><br>                      Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                      Defendant. | NO. C2:13-CV-01988-RSM-JLW<br><br>REPORT AND RECOMMENDATION |

<u>BASIC DATAs</u>

Type of benefits sought:

    (X) Disability Insurance

    (X) Supplemental Security Income – Disability

Plaintiff's:

    Sex: Male

    Age: 43 at application, 49 at most recent ALJ hearing

Principal Disabilities Alleged by Plaintiff: Chronic depression, bipolar disorder, personality disorder, attention deficit disorder (ADD), memory impairment, hepatitis C, left knee injury, and left shoulder injury.

Disability Allegedly Began: April 15, 2007

Principal Previous Work Experience: construction worker, small product assembly, dishwasher

Plaintiff Last Worked**:** April 2007

Education Level Achieved by Plaintiff: 10th Grade

REPORT AND RECOMMENDATION - 1

## PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ MJ Adams:

    Date of 1st Hearing: February 3, 2009

    Date of Decision: April 9, 2009

    Appears in Record at:  Decision AR 105-113, Hearing Transcript AR 74-95

    Summary of Decision:

    The Claimant has not worked since his alleged onset date. He has severe impairments of depression, anxiety, personality disorder, and substance abuse. These impairments, alone or in combination, do not meet or medically equal a Listing. He has a Residual Functional Capacity (RFC) to perform a full range of work at all exertional levels. He can understand, remember and carry out simple instructions. He can respond to supervision, co-workers, work situations, and deal with change within a routine work setting. Based on this RFC, Claimant can perform his past relevant work as a construction laborer. He is not disabled.

Before Appeals Council:

    Date of Decision: September 24, 2009

    Appears in Record at: AR 114-117

    Summary of Decision: Remand for further evaluation of physical and mental limitations.

Before ALJ MJ Adams:

    Date of 2st Hearing: March 9, 2010

    Date of Decision: April 22, 2010

    Appears in Record at:  Decision AR 9-22, Hearing Transcript AR 31-70

    Summary of Decision:

    Claimant has not worked since onset date. He has severe impairments of affective disorders, anxiety-related disorder, substance abuse (in partial remission), hepatitis C, and left knee injury. His medical records reference a personality disorder which is not medically determinable. These impairments do not meet or medically equal a Listing. Claimant has the RFC to perform light work with postural limitations to sitting, standing, walking, lifting, and overhead reaching. He can understand, remember, and carry out simple two to three step instructions, maintain attention and concentration. He can make judgments on simple work related decisions and respond appropriately to supervisors and coworkers. Given this RFC, Claimant is unable to perform any past relevant work. Based on the testimony of a Vocational Expert (VE) he can perform jobs of small product assembler and cleaner/housekeeping. Plaintiff is not disabled.

REPORT AND RECOMMENDATION - 2

Before Appeals Council:

    Date of Decision: July 27, 2010

    Appears in Record at: AR 664-667

    Summary of Decision: Declined Review

Before Magistrate Judge Theiler/Judge Lasnik –U.S. District Court: C10-1376-RSL

    Date of Decision: July 12, 2011

    Appears in Record: AR 707-734

    Summary of Decision:

    The ALJ erroneously determined that claimant's personality disorder was not medically determinable. Without inclusion of the personality disorder, the Court was unable to conclude that the ALJ considered all functional limitations. The error was not harmless. On remand, the ALJ was directed to reevaluate medical evidence to determine if a personality disorder should be included as a severe impairment and contribute additional functional limitations. This includes further evaluation of the Plaintiff or expert medical testimony if necessary to develop the record. The ALJ did not err in evaluation of medical evidence and Plaintiff's credibility.

Before ALJ Ruperta Alexis:

    Date of 3rd Hearing: March 16, 2012

    Hearing Transcript AR 1128-1151

    Date of 4th Hearing: February 7, 2013

    Date of Decision: April 19, 2013

    Appears in Record at:  Decision AR 500-526, Hearing Transcript AR 527-570

    Summary of Decision:

    ALJ decided not to obtain further psychological evaluations for Claimant. Claimant has had numerous psychological evaluations and his substance abuse creates the possibility that he is not capable of meaningful participation in an evaluation. Claimant has not worked since his alleged onset date. He has severe impairments of affective disorders, anxiety-related disorder, substance abuse, hepatitis C, left knee injury, and non-severe impairments of shoulder dislocation and personality disorder NOS. These impairments, alone or in combination, do not meet or medically equal a Listing. Claimant has the RFC to perform light work. The ALJ defined the RFC, "assuming the claimant is not operating under the influence of substances." The RFC includes postural limitations to lifting, sitting, standing, walking, climbing, and a manipulative limitation of no frequent overhead reaching. He can understand, remember, and carry out simple, repetitive, and routine tasks. He can accept instruction and direction from supervisors and then work independently. He can communicate with member of the public but not on a constant basis. Based on this RFC, a VE opined that Claimant cannot perform his

REPORT AND RECOMMENDATION - 3

past relevant work. However, he can perform representative jobs of motel cleaner and marking clerk which exist in significant numbers in the national economy. Claimant is not disabled.

Before Appeals Council:

Date of Decision: September 17, 2013

Appears in Record at: AR 493-498

Summary of Decision: Declined Review

PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

RECOMMENDATION OF

UNITED STATES MAGISTRATE JUDGE

(X)  Affirm

SUMMARY OF RECOMMENDATION

The ALJ determined that Plaintiff's personality disorder was non-severe and the resulting impairments were integrated with his anxiety and depression. The evidence supports the finding of a non-severe impairment and included no specific limitations related to the personality disorder. Additionally, the ALJ specifically defined the RFC to reflect Plaintiff's capacity assuming no use of substances.  Analysis in this way does not comply with the proper procedure for drug and alcohol abuse cases defined by *Bustamante v. Massanari*. This was harmless error, however. The decision of the ALJ should be affirmed.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court must set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

REPORT AND RECOMMENDATION - 4

Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## EVALUATING DISABILITY

The claimant bears the burden of proving disability within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At

step five, the burden shifts to the Commissioner. *See also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

## ISSUES ON APPEAL[1]

1. Did the ALJ properly determine that Plaintiff's personality disorder is non-severe?

2. Did the ALJ improperly decline to order additional medical testing to determine the extent and effect of Plaintiff's personality disorder?

3. Did the ALJ properly assess Plaintiff's RFC?

## DISCUSSION

I.  Personality Disorder

The Appeals Council remanded the first ALJ decision for further consideration of Plaintiff's physical and emotional impairments. After a second hearing, the ALJ determined that Plaintiff's alleged personality disorder NOS was medically indeterminable. The District Court disagreed with this finding, because "plaintiff met his burden of providing medical evidence consisting of signs and symptoms of a personality disorder." AR 715. The Court directed the ALJ "to reevaluate the medical evidence to determine whether a personality disorder should be included as a severe impairment, and whether a personality disorder would contribute additional functional limitations. The ALJ is directed to develop the record further if necessary, including obtaining further evaluation of plaintiff or expert medical testimony." AR 715.

After remand and rehearing, the ALJ issued a decision including personality disorder as a non-severe impairment. AR 507-8. The ALJ stated that:

---

[1] Plaintiff's Opening Brief in this Court included an objection to the Commissioner's failure to file and provide a transcript of the third ALJ hearing. That transcript has since been filed, and Plaintiff has acknowledged that the issue is moot. As a result, the issue will not be addressed in this Report and Recommendation.

REPORT AND RECOMMENDATION - 6

medical evidence indicates the signs and symptoms of a personality disorder NOS; therefore I find it to be a medically determinable impairment. I further find however that the claimant's personality disorder NOS is "not severe" because medical and other evidence establishes only slight abnormalities that have no more than a minimal effect on his ability to work. AR 508.

A. *Supplementation of the record*

The ALJ did not order medical testing or expert testimony to supplement the record. The ALJ stated,

> At the hearing, I mentioned that I might have the claimant sent for consultative psychological evaluation. However, after further thought and evaluation of the evidence, I decided against this possibility. The claimant already has participated in numerous psychological evaluations by several physicians. Moreover, given his active substance abuse, there is no guarantee he would be capable of meaningfully participating in psychological evaluation. AR 503-4.

The ALJ held the record open for Plaintiff to submit additional medical evidence. Plaintiff did not do so, but his counsel advised the ALJ this was because Plaintiff is homeless and cannot afford the cost of additional testing. AR 819. Plaintiff now contends that the ALJ did not adequately supplement the record with additional medical evidence to resolve questions as to the existence of his personality disorder. The Commissioner counters that the District Court did not require that the ALJ obtain additional evidence, that the ALJ adequately fulfilled the remand instructions, and that she satisfied the obligation by holding the record open.

In a Social Security case, the ALJ has an independent duty to fully and fairly develop the record so that a claimant's interests are considered. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). Ambiguous evidence or the ALJ's determination that the record is inadequate triggers the ALJ's duty to conduct an appropriate inquiry. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians,

REPORT AND RECOMMENDATION - 7

continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id*.

In this case, the record contained numerous medical evaluations. The ALJ did not find the record ambiguous or inadequate. Therefore, other than the District Court's remand instructions, the record did not trigger a requirement to supplement the record. The District Court's order did not require additional medical evidence, but merely advised the ALJ to obtain further information as necessary. The ALJ considered the substantial medical evidence already included, allowed Plaintiff to submit additional evidence, and held the record open after the hearing. This satisfied the duty to fully and fairly develop the record.

B.  *Non-Severe Impairment*

Plaintiff contends that the ALJ erroneously found that his personality disorder is non-severe. The claimant must prove the existence of a severe impairment by providing medical evidence. 20 C.F.R. §§ 404.1508, 416.908. "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (*quoting* S.S.R. No. 96–3(p) (1996)).

Here, the ALJ determined that Plaintiff's personality disorder was non-severe because the medical and other evidence shows only slight abnormalities with minimal effect on the ability to work. AR 508. The ALJ supports this conclusion with medical evidence from the record cited throughout the decision. Dr. Parlatore conducted two mental evaluations, both resulting in a diagnosis of personality disorder. AR 333, 1073, 511. Both exams noted that Plaintiff was congenial, pleasant and polite, with full affect. AR 332, 1074, AR 1076, 511. After the February 2008 exam, Dr. Parlatore opined that it was unclear why Plaintiff was not working. AR 333, 513. Clearly, Dr. Parlatore believed that Plaintiff's mental impairments should not

REPORT AND RECOMMENDATION - 8

have impacted his ability to work. In August 2010, Dr. Parlatore noted some moderate to marked difficulties in social functioning. AR 1074, 514. However, rather than attributing this to Plaintiff's personality disorder, Dr. Parlatore opined that the mood and motivation issues were related to active substance abuse. AR 1073, AR 514. No specific limitations were attributed to the personality disorder.

Two medical consultants also diagnosed personality disorder. AR 346, 360, 507. Dr. Clifford found that Plaintiff was not significantly limited in concentration, social interaction, and adaptation. AR 354. He found Plaintiff personable, in good humor, and able to work well with others. AR 355. Dr. Eather included the personality disorder diagnosis but specifically stated that it is non-severe. AR 360.

The evidence from several evaluating medical professionals is equivocal as to personality disorder. Dr. Hakeman examined Plaintiff in August 2011 and noted a possible personality disorder, but included no additional symptoms or descriptions to support the tentative diagnosis. AR 1124, AR 508. Dr. Lind made no diagnosis of personality disorder in March 2007. AR 436. Dr. Saxvik diagnosed PTSD, and noted symptoms of anxiety and depression, but made no mention of a personality disorder. AR 480-1, AR 508.

Plaintiff produced medical evidence of a personality disorder, allowing for a medically determinable impairment. However, the evidence shows a mild impact and minimal resulting limitations. The ALJ found the personality disorder to be a non-severe impairment based on substantial evidence in the record. This was not error.

II.     Residual Functional Capacity

   A.  *Personality disorder in the RFC*

In determining the RFC, the ALJ must consider the limiting effects of all impairments, including those that are not severe. 20 C.F.R. § 404. 1545(e); *Burch v. Barnhart*, 400 F.3d 676,

REPORT AND RECOMMENDATION - 9

683 (9th Cir. 2005). Here, the ALJ assessed the limiting effects of the personality disorder in combination with Plaintiff's anxiety, depression, and substance abuse. "I find that it is related to years of continuing substance abuse, and not an independent condition. Moreover, his symptoms are fully intertwined with his depressive disorder and anxiety disorders, and the residual functional capacity finding…accounts for those symptoms." AR 508. Plaintiff contends that the ALJ provided no evidence that the symptoms of these mental impairments overlap. However, as seen above, substantial evidence supports the finding that Plaintiff's personality disorder is non-severe. The record contains no evidence that his personality disorder gives rise to additional limitations.  The absence of such limitations from the RFC is not error.

B.  *Medical Evidence*

The Commissioner concedes that the ALJ erred by failing to assign weight and fully address Dr. Hakeman's medical opinion. In August 2011, Dr. Hakeman diagnosed a possible personality disorder and found moderate and marked limitations in some cognitive and social interactions. AR 1124-5. Dr. Hakeman specifically noted that Plaintiff can have difficulties with others which would markedly impact his ability to communicate and perform effectively in a work setting with public contact. AR 1125.

The Commissioner contends any error to specifically weight and evaluate Dr. Hakeman's opinion was harmless because the limitations identified by Dr. Hakeman were properly rejected elsewhere in the opinion. Dr. Hakeman's assessment coincides with that of Dr. Saxvik from January 2009. AR 482. Dr. Saxvik's opinions were properly given little weight by the prior ALJ, because they were inconsistent with the record and based on self-reports from a claimant of dubious credibility. AR 20, 725-7. This assessment of Dr. Saxvik's opinion was

incorporated by this ALJ and applies readily to the similar opinion of Dr. Hakeman. AR 514. The ALJ's failure to specifically discuss Dr. Hakeman's opinion was harmless error.

The Plaintiff also contends that the ALJ failed to properly consider Dr. Parlatore's second evaluation in August 2010. The ALJ gave little weight to this evaluation because Dr. Parlatore opined that the Plaintiff's mood and motivation were affected by active substance abuse, and the new evaluation did not significantly alter the prior findings. AR 514.  Like the first assessment, Dr. Parlatore noted that Plaintiff was affable and pleasant with a full affect. AR 1076. However, after the second examination, Dr. Parlatore marked the form check boxes to indicate that Plaintiff had a marked limitation in ability to respond appropriately and tolerate the expectations of a work setting, and moderate limitations in his ability to relate to others. AR 1074. Dr. Parlatore included no reasoning for this conclusion, which differs from the congenial description of Plaintiff. AR 1074. Given that Dr. Parlatore provided no evidence of significantly different findings or support for the newly assessed limitations, the ALJ did not err in giving little weight to the August 2010 evaluation.

   C.  *Substance Abuse*

Claimants are not considered disabled and eligible for benefits if alcoholism or drug addiction is a contributing factor. 42 U.S.C. §§423(d)(2)(C), 1382c(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949, 954 (2001). To determine whether substance abuse is a contributing factor, the ALJ must first conduct the five-step inquiry "without separating out the impact of alcoholism." *Bustamante*, 262 F.3d at 955. If the ALJ finds the claimant not disabled, then no further analysis is required. *Id*. However, upon a finding of disability, the ALJ must conduct a second five-step inquiry to determine if the claimant would still be disabled in the absence of substance abuse. *Id*. Here, the ALJ found substance abuse to be a severe impairment, and then specifically defined the RFC "[a]ssuming the claimant is not operating under the influence of

REPORT AND RECOMMENDATION - 11

substances." AR 506, 509. The ALJ chose to short-cut the required process by making one, and only one, disability analysis, in which she explicitly removed the impact of drug and alcohol use from the RFC.

Plaintiff alleges that the ALJ improperly considered his severe substance abuse disorder when establishing his RFC. The Commissioner concedes that the ALJ failed to follow the proper procedure to account for the impact of Plaintiff's drug and alcohol abuse (DAA). But, the Commissioner contends that this error was harmless. *See*, *Parra v. Astrue*, 481 F.3d 742, 747 (2007) (although the ALJ did not explicitly determine that claimant was disabled, the DAA analysis assumed that Plaintiff was disabled and any error was harmless). An error is harmless "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Under *Bustamante*, the ALJ must conduct the initial five step inquiry without attempting to determine the impact of substance abuse on the claimant. *Bustamante*, 262 F.3d at 955. The limitations caused by substance abuse should have been separated out of the RFC only when and if the ALJ first found that Plaintiff, was disabled with his DAA related impairments. In this case, the ALJ omitted the initial disability determination, but arrived at the same conclusion. Had the ALJ crafted the RFC to include the impairments from substance abuse and found Plaintiff was not disabled, then the inquiry would end. If the ALJ had found Plaintiff, with his substance abuse, was disabled, the next step would have been to repeat the disability analysis omitting the limitations caused by DAA, precisely as done in this case. Regardless of the route the ALJ followed, the determination would have been the same—Plaintiff is not disabled. The error was harmless.

REPORT AND RECOMMENDATION - 12

## CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED and the case DISMISSED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect a party's right to appeal.

If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 25th day of September, 2014.

_____
JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13